## Cornett v. Commonwealth.

(Decided April 24, 1925.)

### Appeal from Perry Circuit Court.

1. Criminal Law—New Trial for Newly Discovered Evidence Properly Denied, where Cumulative or Incompetent.—New trial for newly discovered evidence in murder prosecution held properly denied, where part of it was evidence as to statement made by decedent, which statement was neither a dying declaration nor part of res gestae, and therefore incompetent, and other part as to threats by decedent would have been merely cumulative.

2. Criminal Law—Permitting Leading Question Not Prejudicial Error, where Answer Conformed to Other Evidence.—Permitting a leading question was not prejudicial, where answer conformed to other evidence given in that respect.

3. Criminal Law—Failure to Admonish Jury that Certain Evidence was Admitted Only for Purpose of Contradicting Defendant's Witnesses Held Not Prejudicial Error.—Where witnesses for defendant stated that at a given time and place they heard certain statements, and witnesses for Commonwealth testified in rebuttal that defendant's witnesses were not present at that time and place, failure to admonish jury that such testimony was only for purpose of contradicting defendant's witnesses was not reversible error.

J. M. MUNCY, L. D. LEWIS and FARMER EVERSOLE for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHAS. F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER—Affirming.

Appellant was indicted charged with the murder of Simon Hagins, and upon his trial was found guilty and sentenced to twenty-one years' imprisonment.

The essential facts are that on Saturday night, December 3, 1923, appellant, with a number of others, was at the house of Canon Hagins, brother of decedent, and decedent was likewise there, there being a party in progress. During the party some one present fired off a pistol, and appellant took charge of such person and caused him to leave the assemblage; shortly thereafter appellant's brother likewise discharged a pistol, and he undertook to and did in fact take his brother away from the party, and neither of them thereafter returned. But before they left there had been between appellant and

the two Hagins brothers some unpleasantness connected with the conduct of appellant's brother, and at this time, according to the evidence, weapons were in evidence.

The parties did not meet again until the Monday afternoon following, when they were all at a pool room in Hazard. At that time there was again some controversy or unpleasant occurrence between them, and appellant was at the time in company with one Ohlinger, who presumably was taking sides with him in the controversy. At that time appellant had no pistol, although his friend Ohlinger did. This meeting also passed off without any serious results, although the parties appear to have had quite a violent quarrel.

When appellant left the pool room he went to his home, and there he claims to have been directed by his wife to go to the Blue Grass commissary where she had bought some groceries she wanted him to bring home; but before going he put his pistol in his pocket, and at the commissary he again met Ohlinger.. It is likewise apparent from the evidence that the commissary was on the route of the Hagins brothers from town to their home. Appellant did not immediately return to his home after carrying out the directions of his wife, but stayed near the entrance of the commissary and engaged in conversation with Ohlinger. While they were so engaged the Hagins brothers came along and they also went into the commissary, and appellant and Ohlinger remained on the outside, not far from the entrance, while the others were inside. When the Hagins brothers came out of the commissary the shooting very promptly took place, and Simon Hagins was shot in the leg by appellant, and, after septicemia had developed, died as a result thereof some fifteen or sixteen days later.

The evidence is somewhat conflicting as to what occurred immediately preceding the shooting, but appellant admits that he probably fired the first shot, while the evidence for the Commonwealth indicates that he fired the first two shots, and somewhat points to the conclusion that although Simon Hagins was also shooting during the difficulty, he was retreating from appellant.

The only three grounds urged for reversal necessary to be noticed are, (1) that the court erred in refusing a new trial on account of newly discovered evidence, (2) error of the court in the admission of incompetent evidence, and (3) error in failing to admonish the jury as to the effect of evidence offered in rebuttal.

One of the affidavits relied upon as new evidence discloses that the witness visited Simon Hagins on the Wednesday night after he was wounded, and there Simon Hagins told him about the difficulty and how it all came about in a way which tended to contradict the version given by some of the witnesses for the Commonwealth. It is not contended that this statement by the decedent was in the nature of a dying declaration, and certainly it was not a part of the *res gestae;* therefore even if offered at the trial, it would have been incompetent.

The affidavit of the other witness purports to disclose a conversation had between him and the two Hagins brothers on the afternoon of the shooting before it occurred, wherein the decedent made certain threats against appellant. There was evidence introduced on the trial tending to show the utterance of threats by decedent against appellant, and this evidence, even if it had been offered, would have been merely cumulative, and is not ordinarily of such a character as to justify the granting of a new trial.

The complaint of incompetent evidence is wholly unjustied except in one instance. The court did permit a leading question to be propounded to a witness and answered; but as the answer conformed to other evidence given in that respect it can be said in no sense that this was prejudicial error.

One or more witnesses for defendant testified in substance that shortly after the shooting they were present where the decedent made certain statements with reference to how the difficulty arose; and in rebuttal the Commonwealth was permitted to call two witnesses and state that they were present at the time indicated, and the other witnesses were in fact not present, and could not therefore have heard any such statement of the decedent. It is complained that the court erred in admitting this rebuttal evidence without admonition that it was only for the purpose of contradicting the defendant's witnesses, and for no other.

Conceding that it is generally proper for the trial court to admonish the jury under such circumstances, it is not perceivable how it could have been reversible error under the facts of this case. Two witnesses for the defendant stated they were present at a given time and place and heard certain statements made, and two witnesses for the Commonwealth are permitted in re-

buttal to testify that such two witnesses were not present at that time and place. It was just a plain case of contradicting the defendant's witnesses, and it is not possible that the jury could have been misled into accepting that evidence for any other purpose.

An examination of the record discloses no error prejudicial to appellant's substantial rights.

Judgment affirmed.